UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF NELSON,<br><br>          Plaintiff,<br>     v.<br>CITY OF FAIRFIELD POLICE DEPARTMENT, et al.,<br><br>          Defendants. | No. 2:22-cv-01619-DJC-DB<br><br>ORDER |

Plaintiff Jeff Nelson brings this action based on the City of Fairfield police officers' alleged use of excessive force and unlawful detention during Plaintiff's arrest. Plaintiff also brings claims against the City of Fairfield under a *Monell* theory of liability, claiming that Defendant City of Fairfield had a policy of inaction concerning excessive force by its officers. Pending before the Court is a motion by Defendant City of Fairfield ("Fairfield") to dismiss Plaintiff's *Monell* claims against Defendant Fairfield in Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss (ECF No. 14).) For the reasons explained below, the Court GRANTS the Motion to Dismiss with leave to amend.

**BACKGROUND**

In the First Amended Complaint ("FAC"), Plaintiff alleges that in February 2020, he called 911 because he was concerned that his son was being threatened by gang members in the Fairfield area. (*See* FAC (ECF No. 11) ¶ 13.) Officers from the

Fairfield Police Department responded and held Plaintiff with guns and Tasers drawn for several minutes. (*Id.* ¶ 14.) Plaintiff claims that officers then took him to the ground by force. (*Id.*) He alleges that, while he was lying on the ground, one or more officers pulled his arm, breaking the arm and causing him severe pain. (*Id.* ¶15.) Fairfield police officers then allegedly surrounded Plaintiff and placed their knees on his back. (*Id.* ¶ 16.) Plaintiff told the officers his arm was broken. (*Id.* ¶ 17.) Officers placed Plaintiff in handcuffs behind his back, hobbled his legs, and kept him restrained for several minutes, while Plaintiff remained in severe pain. (*Id.* ¶ 17.)

Fairfield police officers arrested Plaintiff and charged him with violation of several laws, including Cal. Pen. Code § 148, resisting arrest. (*Id.* ¶ 18.) One year later, in February 2021, Plaintiff was issued a citation and his criminal case was closed. (*Id.* ¶ 19.)

Plaintiff brought this action on September 15, 2022,[1] asserting four causes of action for (1) excessive force under the Fourth Amendment and 42 U.S.C. § 1983 against Defendants Adams, Arroyo, Barker, Bassi, Chapman, Machado, and Doe Defendants 1-25 (collectively, the individual officer Defendants); (2) unlawful detention under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 against the individual officer Defendants; (3) a *Monell* claim against Defendant City of Fairfield for an unconstitutional municipal custom under 42 U.S.C. § 1983; and (4) a *Monell* claim against Defendant Fairfield for failure to train under 42 U.S.C. § 1983. (FAC ¶¶ 20–33.) Defendant Fairfield filed a Motion to Dismiss on March 14, 2023, seeking dismissal of the *Monell* claims in Plaintiff's First Amended Complaint. (Mot. to Dismiss (ECF No. 14) at 1.) This matter is fully briefed (Opp'n (ECF No. 16); Reply (ECF No. 17)) and was taken under submission without oral argument under Local Rule 230(g).

---

[1] This action was reassigned to the undersigned on April 4, 2023. (ECF No. 19.)

**LEGAL STANDARD**

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). While the court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party," *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019), if the complaint's allegations do not "plausibly give rise to an entitlement to relief" the motion must be granted, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679. However, a court may not assume that the plaintiff "can prove facts that it has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**DISCUSSION**

Under the Supreme Court's decision in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), local governments may be held liable under section 1983 for wrongs done by the local government itself. A municipality or other local government entity is subject to *Monell* liability when that government, "under color of some official policy, 'causes' an employee to violate another's constitutional rights." *Monell*, 436 U.S. at

692. A municipality, however, cannot be held liable solely for the purported constitutional violations of its employees, "or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id*. at 691. The municipality itself must have acted through an official municipal policy or custom. *Id*. at 694.

The Ninth Circuit has recognized four theories for establishing municipal liability under *Monell*: "(1) an official policy; (2) a pervasive custom or practice; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019). Plaintiff offers two theories of *Monell* liability against Defendant Fairfield: an unconstitutional custom or practice, and a failure to train. (FAC ¶¶ 31-32.)

## I. Failure to Train

In order to state a failure to train theory under *Monell* that can survive a motion to dismiss, "a plaintiff must include sufficient facts to support a reasonable inference (1) of a constitutional violation; (2) of a municipal training policy that amounts to a deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly trained their employees." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153–54 (9th Cir. 2021). Plaintiff alleges that Defendant Fairfield is liable under *Monell* for an unconstitutional policy of failing to train its police officers. He contends that Fairfield did not train, or inadequately trained, its police officers to avoid applying pressure to an individual's upper back while he is handcuffed and his legs are restrained. (FAC ¶ 31.)

### a. Constitutional Violation

Plaintiff cites his Fourth Amendment excessive force claim against the individual officer Defendants as the underlying constitutional violation for his *Monell* claim against Defendant Fairfield. (*See* FAC ¶ 32, Opp'n at 4-5.) Force used by a law enforcement officer that is not reasonably necessary to bring about an arrest is excessive and unconstitutional under the Fourth Amendment. *See Graham v. Connor*,

490 U.S. 386, 394-98 (1989).  The question in a Fourth Amendment excessive force case is "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them."  *Graham*, 490 U.S. at 397 (cleaned up).

Plaintiff's allegations about his arrest can state a claim of excessive force under the Fourth Amendment.  His assertions that police officers "held Plaintiff at gunpoint and taser point" (FAC ¶ 14), "took the Plaintiff to the ground with extreme force" (*id*.), "pulled the Plaintiff's arm beyond its natural range of motion" (FAC ¶ 15), and "had their knees placed in his back while he laid completely prone" (FAC ¶ 16) provide enough factual support to reasonably infer at this stage that officers' use of force may have been unreasonable under the circumstances.

**b.  Municipal Training Policy**

Plaintiff has not alleged facts sufficient to show that Defendant Fairfield had an unconstitutional police training policy.  To hold Defendant Fairfield liable for the underlying Fourth Amendment violation on a failure to train theory, Plaintiff must allege facts that show that Fairfield chose a training policy that was inadequate to prevent the constitutional violation and that in selecting this policy Fairfield was deliberately indifferent to the constitutional rights of individual citizens.  *Benavidez*, 993 F.3d 1134, 1153.

Plaintiff argues that his Complaint allows a "plausible inference" that Defendant Fairfield is liable for not having a policy about "how officers may apply their bodyweight to the back of a person once he was handcuffed and his legs restrained." (Opp'n at 5).  In support of this theory, Plaintiff points only to his own allegations from the FAC in which he alleges that Defendant Fairfield had a custom of "ratifying excessive force."  (FAC ¶ 32.)  Plaintiff contends that this custom, combined with Defendant Fairfield's alleged "lack of, or inadequate, training of its officers," states a claim that Fairfield was deliberately indifferent to the constitutional rights of its citizens.  (*Id*.)

"Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality—a 'policy' as defined by [the Supreme Court's] prior cases—can a city be liable for such a failure under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989). A policy for purposes of a *Monell* claim need not be written down or formally adopted; it may also be the result of a "permanent or well-settled" custom or practice. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970). Evidence of mistreatment or injury from an encounter with police is not enough to establish a deficiency in the police training program. "That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *Canton*, 489 U.S. at 390-91.

Plaintiff offers no facts about the City of Fairfield's police training programs or policies. The only factual allegations he includes concern the acts of the individual officer Defendants towards Plaintiff himself. (*See* FAC ¶¶ 13-22.) He has therefore not pled facts that are sufficient to show any deliberate or conscious policy choice by Defendant Fairfield in training its police force.

Plaintiff also argues that this is a case in which a municipality can be held liable for a failure to train based solely on a single constitutional violation. (Opp'n at 4-5.) In rare cases, "evidence of a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, could trigger municipal liability." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 409 (1997). But while a municipality's deliberate indifference to the "obvious potential" for violation of federal rights can be inferred from a single incident, a plaintiff must still make a factual showing about the deficiencies in a local government's training program because "an inadequate training policy itself cannot be inferred from a single incident." *Hyde v. City of Willcox*, 23 F.4th 863, 874–75 (9th Cir. 2022).

Plaintiff's factual allegations describe only a single incident without identifying the purportedly deficient training policy. Without any facts supporting the existence of an unconstitutional training program, the Court cannot infer from the single instance of misconduct alleged in the Complaint that such a policy exists, or that the policy could be unconstitutional. Plaintiff has not pled facts that are sufficient to infer a failure to train claim based solely on the constitutional violation alleged, and his *Monell* claim fails.

The Court thus grants the motion to dismiss on Plaintiff's failure to train *Monell* claim against Defendant City of Fairfield, with leave to amend.

## II. Custom or Practice

If no explicit policy exists, a plaintiff may establish municipal liability for a constitutional violation upon a showing that there is a permanent and well-settled practice by the municipality that gave rise to the alleged constitutional violation. *See City of St. Louis v. Prapotnik*, 485 U.S. 112, 127 (1988). "An unconstitutional policy need not be formal or written to create municipal liability under Section 1983; however, it must be 'so permanent and well settled as to constitute a custom or usage with the force of law.'" *Gordon v. Cnty. of Orange*, 6 F.4th 961, 974 (9th Cir. 2021) (quoting *Adickes*, 398 U.S. at 167-68). Allegations of random acts, or single instances of misconduct, however, are not enough to establish a municipal custom. *See Gordon*, 6 F.4th at 974.

Plaintiff alleges that Defendant Fairfield had a "widespread or longstanding custom and practice ratifying excessive force and officers applying pressure to an individual's upper back." (FAC ¶ 32.) Yet Plaintiff's factual allegations concern only one event: Plaintiff's arrest and detention by the individual officer Defendants. (*See* FAC ¶¶ 13-19.) He has made no allegations about other events or allegations involving other individuals that could plausibly show a custom or practice of Defendant Fairfield that is "permanent and well settled." *Adickes*, 398 U.S. at 167-68. Plaintiff's reliance on a single instance of purported misconduct is not enough to state

a custom or practice *Monell* claim. The Court thus grants the motion to dismiss on Plaintiff's custom or practice *Monell* claim against Defendant City of Fairfield, with leave to amend.

### III.   Leave to Amend

A court granting a motion to dismiss a complaint must also decide whether to grant leave to amend.  "In general, leave to amend is only denied if it is clear that amendment would be futile and that the deficiencies of the complaint could not be cured by amendment." *Cabo Distrib. Co. v. Brady*, 821 F. Supp. 601, 608 (N.D. Cal. 1992) (cleaned up); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend … unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (citation omitted).  While Plaintiff has not pled sufficient facts to support either of his claims against Defendant Fairfield, it is possible that his pleading for these claims can be cured with the allegation of new facts.  Permitting amendment would thus not be futile at this stage.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Motion to Dismiss (ECF No. 14) brought by Defendant City of Fairfield is GRANTED and Plaintiff's third and fourth causes of action are DISMISSED.
2. Plaintiff will be granted leave to amend.  Within 21 days of this order Plaintiff shall give notice of his intent to proceed on his remaining claims or file a Second Amended Complaint.

IT IS SO ORDERED.

Dated:   **July 12, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

8