1  PATRICK MORIARTY, State Bar No. 213185
   pmoriarty@cmtrlaw.com
2  JOHN ROBINSON, State Bar No. 297065
   jrobinson@cmtrlaw.com
3  EDWARD VIEIRA-DUCEY, STATE BAR NO. 251405
   evieira-ducey@cmtrlaw.com
4  CASTILLO, MORIARTY, ROBINSON, LLP
   75 Southgate Avenue
5  Daly City, CA  94015
   Telephone:     (415) 213-4098
6
7  Attorneys for Defendant
   CITY OF FAIRFIELD

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAINTIFF ERIC NELSON, as Successor-in-interest to his father, Decedent, JEFF NELSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FAIRFIELD, and DOES 1-50;<br><br>Defendants. | Case No. 2:22-CV-01619-DJC-SCR<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>Hon. Daniel J. Calabretta<br><br>Trial:    None Set |

Pursuant to Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 141.1(c), the parties, Plaintiff Eric Nelson ("Plaintiff") and Defendant City of Fairfield, Ofc. Adams, Ofc. Arroyo, Ofc. Barker, Lt. Chapman, and Ofc. Machado (collectively, "Defendants"), submit the following stipulated protective order ("SPO") for the Court's approval. If approved by the Court, the information identified herein shall be subject to presumptive protection under Fed. R. Civ. P. 26(c), subject to challenge provisions described herein.

**I.   INFORMATION COVERED**

Fed. R. Civ. P. 26(c) authorizes that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…"

**Covered Information:**

Pursuant to E.D. Cal. L.R. 141.1(c)(1), a description of the information eligible for protection under this SPO is limited to the following:

*(A) Fairfield Police Department IA FN 2020-15, including citizen complaint, investigation, investigation documents, findings, and/or recommendations;*

*(B) Incident Related Blue Teams Reports [Bates Nos. 52-65];and*

*(C) Any requested personnel files or other IAs that may be requested/produced from any city employee.*

Particularized Need for Protection:

Pursuant to E.D. Cal. L.R. 141.1(c)(2), Defendants submit that there exists a particularized need for protection as to the information covered by this SPO. In good faith, Defendants assure Plaintiff and the Court that the materials designated to be covered by this SPO are limited solely to specific material that they believe would qualify for protection under Fed. R. Civ. P. 26(c), and does not include information which has been subject to protection on a blanket or indiscriminate basis. Plaintiff has not been permitted to view the documents covered by this SPO, prior to its requested entry by the Court.

Showing of Need for a Protective Order:

Pursuant to E.D. Cal. L.R. 141.1(c)(3), the need for protection pursuant to this SPO is for the convenience of the parties and the Court. The parties wish to avoid litigation and expenditure of resources concerning a Fed. R. Civ. P. 26(c) protective order, where Plaintiff has not yet been provided with the opportunity to view the documents covered by this SPO. The entry of this SPO would prevent the parties and Court from being required to conduct a document-by-document analysis pursuant to Fed. R. Civ. P. 26(c), in favor of a procedure whereby presumptive protection is afforded, production may be made with that protection in place, and, if necessary, discrete and narrowed challenges may be made.

## II. SCOPE

The protections conferred by this SPO cover the information defined above as well as any information copied from the materials. However, the protections conferred by this SPO do not cover: (A) any information that is in the public domain at the time of disclosure or which

1  subsequently becomes part of the public domain after its disclosure, including becoming part of the
2  public record through trial or otherwise; and (B) any information known prior to the disclosure or
3  obtained after the disclosure from a source who obtained the information lawfully and under no
4  obligation of confidentiality.

**III.  ACCESS AND USE**

Information covered by this SPO may be disclosed only to the parties and the parties' counsel and their personnel, experts, or professional vendors (e.g., professional jury, trial consultants, mock jurors, etc.). Information covered by this SPO must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons to whom access and use is permitted.

Nothing in this SPO shall limit or prevent a party from introducing or questioning a party concerning the information covered by this SPO during the course of discovery or taking of testimony, including depositions. If necessary, Defendants may seek to designate specific portions of testimony subject to Fed. R. Civ. P. 26(c) protection.

**IV.  CHALLENGES**

Any party or non-party to this action may challenge the appropriateness of the SPO at any time, including after the action has been disposed or terminated. The party or non-party challenging the SPO does not waive its right to challenge by electing not to mount a challenge promptly after the entry of this SPO or after the documents covered by this SPO are produced. This Court retains jurisdiction of this SPO. Further, if it is discovered that the materials which Defendants assured Plaintiff were subject to Fed. R. Civ. P. 26(c) protection are not, in fact, subject to such protection, Defendants may be subject to expenses or sanctions pursuant to Fed. R. Civ. P. 37(c).

Challenge Procedure: Any party challenging this SPO shall initiate the dispute resolution process by providing written notice of each document or piece of information it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the date of service of notice. In conferring, the challenging party must: (1) explain the basis for its belief that the

confidentiality designation was not proper; and (2) give Defendants an opportunity to review the challenged material(s), a period of which shall not exceed seven calendar days, and respond. In response, Defendant shall either: (A) rescind the protection conferred by this SPO by filing a notice with the Court, if Defendants believe that the challenge is meritorious or do not wish to object to the challenge; or (B) explain the basis for the appropriateness of Fed. R. Civ. P. 26(c) protection. If the parties cannot resolve a challenge without Court intervention, the Defendants shall comply with the terms of E.D. Cal. L.R. 251 associated with seeking Fed. R. Civ. P. 26(c) protection.

At all times, the burden of demonstrating Fed. R. Civ. P. 26(c) protection shall remain on Defendants. If Defendants are unwilling to participate in the challenge procedure outlined above in a timely manner, nothing precludes the challenging party from affirmatively moving to challenge the entry of this SPO (e.g., the filing a motion to compel, motion to intervene, etc.).

## V. SEALING ORDERS

Information covered by this order does not automatically entitle parties to file such information or documents with the Court under seal. Any request to seal documents in this district is governed by E.D. Cal. L.R. 141, which provides that documents may only be sealed by a written order of the Court and after a specific request to seal has been made and the applicable showing demonstrated.

IT IS SO STIPULATED.

Respectfully submitted,

Dated: November 5, 2024    LAW OFFICE OF STANLEY GOFF

By: ___/s/ Stanley Goff___
STANLEY GOFF
Attorneys for Plaintiff
ERIC NELSON

///

///

| | | |
|---|---|---|
| Dated: November 5, 2024 | | CASTILLO MORIARTY ROBINSON |

By:   /s/ *Patrick Moriarty*
PATRICK MORIARTY
JOHN ROBINSON
EDWARD VIEIRA-DUCEY
Attorneys for Defendant
CITY OF FAIRFIELD

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: November 11, 2024

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE